**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AARON J. BRESSI,** | : | **CIVIL ACTION NO. 4:22-cv-1878** |
| **Plaintiff** | : | |
| **v.** | : | **(JUDGE MANNION)** |
| **NORTHUMBERLAND COUNTY COUNTY COURT, et al.,** | : | |
| | : | |
| **Defendant** | : | |

**<u>MEMORANDUM</u>**

Presently before the court in this fee-paid *pro se* civil rights lawsuit is the report and recommendation of Magistrate Judge Joseph F. Saporito Jr., (Doc. 24), dated October 20, 2023. Judge Saporito conducted the legally required screening review of Plaintiff's amended complaint, (Doc. 17), and recommends that it be dismissed with prejudice. Plaintiff filed a timely objection to Judge Saporito's report. (Doc. 25). However, based on its own review of the record as described below, the court agrees with Judge Saporito's recommendation and will dismiss Plaintiff's amended complaint with prejudice.

## I.    Legal Standard

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of

the report to which objections are made. 28 U.S.C. 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the district court "may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations." *Bynum v. Colvin*, 198 F. Supp 3d 434, 437 (E.D. Pa. 2016) (citing *United Stated v. Raddatz*, 447 U.S. 667, 676 (1980)).

District courts also have an on-going statutory obligation to preliminarily review a *pro se* complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii). This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In determining whether a complaint states a claim for relief, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a

cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

When reviewing a *pro se* complaint, the court must construe such complaints liberally "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F. 3d 229, 234 (3d Cir. 2004) (quoting R. Civ. P. 8(f)). The court must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F. 3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F. 3d 683, 688 (3d Cir. 2002)).

## II.   Discussion

Since the report correctly states the procedural and factual background of this case, (Doc. 24, at 1-3), it will not be repeated herein. In short this is a lawsuit against a host of state courts, judges, prosecutors, court clerks, prothonotaries, and hearing officers challenging their handling of Plaintiff's *pro se* filings in connection with post-conviction collateral relief proceedings in his underlying state criminal case.

At the onset Judge Saporito found that the Supreme Court of Pennsylvania, the Superior Court of Pennsylvania, and the Northumberland County Court of Common Pleas are arms of the Pennsylvania state government, and thus they are immune from suit under the Eleventh

Amendment to the United States Constitution. *See Benn v. First Judicial Dist. Of Pa.*, 426 F. 3d 233, 240 (3d Cir. 2005) (explaining that the Pennsylvania courts are entitled to Eleventh Amendment immunity from suit). Plaintiff does not object to this finding. Accordingly, Plaintiff's claims against these three state court defendants will be dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Judge Saporito also found that Plaintiff's claims against the remaining individual Defendants are all bared by absolute judicial, quasi-judicial, or prosecutorial immunity. Plaintiff's claim against Judge Rosini, the presiding judge in his state court criminal proceedings, is barred by absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 12-13 (1991) (per curium). Plaintiff's claims against county prosecutors, Mr. Matulewicz and Ms. Zenzinger, are barred by absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Plaintiff's claims against court clerks and prothonotaries based on their handling of litigation papers he submitted for filings with their courts, are barred by quasi-judicial immunity. *See Marcedes v. Barrett*, 453 F.2s 391, 392 (3d Cir. 1971). Likewise, Plaintiff's claim against Ms. Skoff, in connection with her actions taken in her role as a custody and PFA hearing officer for the court of common pleas, is barred by

quasi-judicial immunity as well. *See Lepre v. Tolerico*, 156 Fed. App'x 522, 525 (3d Cir. 2005) (per curium).

Plaintiff objects to these findings arguing that judges and district attorneys, including assistant district attorneys, will be deprived of their immunity and subject to liability when they acted in the clear absence of all jurisdiction. In support of this proposition Plaintiff cites *Stump v. Sparkman*, where the Supreme Court held "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction." 435 U.S. 349, 356-57 (1978). However, in the same case the Supreme Court also found that where a judge presides over a court of general jurisdiction, "neither the procedural errors he may have committed nor the lack of a specific statute authorizing his approval of the petition in question rendered him liable in damages for the consequences of his actions." *Id.* at 359–60.

Here Plaintiff does not plead any facts that would indicate Judge Rosini acted in the clear absence of jurisdiction. In his objection to Judge Saporito's report Plaintiff appears to assert that Defendants failed to follow court rules and procedures, but according to the case cited by Plaintiff, Judge Rosini, who presides over a court of general jurisdiction, is not liable in damages for

procedural errors or even acting without specific statutory authorization. Likewise, the authority cited by Plaintiff does not even mention an exception to prosecutorial immunity.  Thus, neither Judge Rosini nor the individual prosecutor Defendants will be deprived of their absolute judicial or prosecutorial immunity.

Plaintiff appears to further object to Judge Saporito's findings regarding Defendants' immunity on the basis that these Defendants violated his clearly established statutory and constitutional rights and therefore are not entitled to qualified immunity. However, Judge Saporito found that Defendants are entitled to absolute judicial, quasi-judicial, and prosecutorial immunity not qualified immunity. Thus, this objection is of no moment.

Plaintiff also generally objects to Judge Saporito's report on the basis that Judge Saporito did not liberally construe his complaint and fails to distinguish between Plaintiff's due process and government negligence claims. However, based on its review of the complaint the court finds that Judge Saporito liberally construed the complaint in making his recommendations. Based on the plain text of Plaintiff's amended complaint the exact or even general nature of his claims is unclear. Nonetheless Judge Saporito construed the largely incoherent statements in the amended complaint into a potential due process claim. The fact that Judge Saporito

does not distinguish such a claim from Plaintiff's government negligence claim ultimately does not matter because all the Defendants are entitled to either sovereign, judicial, quasi-judicial, or prosecutorial immunity from all claims whether they sound in tort or the constitution. Accordingly, all of Plaintiff's claims against the individual Defendants will be dismissed.

Judge Saporito recognizes that generally a district court must permit a curative amendment, prior to dismissing a complaint, unless an amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp*., 293 F. 3d 103, 108 (3d Cir. 2002). However, he found that based on the fact alleged in Plaintiff's amended complaint and Plaintiff's substantial history of meritless or frivolous serial litigation, further amendments would be futile.[1] This court

---

[1] *See Bressi v. Gembic*, No. 23-5318, 2023 WL 6558730 (U.S. Oct. 10, 2023) (dismissing petition for writ of certiorari and instructing that, "[a]s petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petition in noncriminal matters from petitioner unless the docketing fee . . . is paid and the petition" complies with booklet formatting rules); *Bressi v. McCloud*, No. 23-5316, 2023 WL 6558728 (U.S. Oct. 10, 2023) (same); *Bressi v. Brennen*, No. 23-5317, 2023 WL 6379069 (U.S. Oct. 2, 2023) (same); *see also Bressi v. Pa. Parole Bd.*, No. 4:23-CV-00440, 2023 WL 5184965 (M.D. Pa. Aug. 11, 2023); *Bressi v. Northumberland Cnty. CYS*, Civil Action No. 4:22-CV-1776, 2023 WL 3919751 (M.D. Pa. Feb. 28, 2023), R&R adopted, 2023 WL 3919543 (M.D. Pa. June 9, 2023), appeal filed, No. 23-2156 (3d Cir. June 29, 2023); *Bressi v. Pa. Parole Bd.*, No. 1:21-CV-01265, 2022 WL 617117 (M.D. Pa. Mar. 2, 2022), aff 'd per curiam, No. 22-1462, 2022 WL 17337570 (3d Cir. Nov. 30, 2022), cert. denied, 143 S. Ct. 2485 (2023); *Bressi v. McCloud*, Civil Action No. 4:18-cv-01345, 2019 WL 7372778 (M.D. Pa. Aug. 9, 2019), R&R

*(footnote continued on next page)*

agrees. Plaintiff has already amended his complaint once and even when viewed in the light most favorable to him his amended complaint is still devoid of facts cable of supporting a cognizable claim against any Defendant let alone those entitled to sovereign or absolute immunity. Accordingly, Plaintiff's amendment complaint will be dismissed with prejudice.

## III.   Conclusion

In light of the foregoing the Report and Recommendation of Judge Saporito, (Doc. 24), will be **ADOPTED IN ITS ENTIRETY** as the decision of the court. Plaintiff's objections, (Doc. 25), will be **OVERRULED,** and his amended complaint, (Doc. 17), will be **DISMISSED** with prejudice. The Clerk of Court will be directed to close this case. An appropriate order follows.


*S/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 5, 2024**
22-cv-1878

---

adopted, 2019 WL 7290430 (M.D. Pa. Dec. 30, 2019), aff 'd per curiam, No. 20-1077, 2021 WL 5054351 (3d Cir. Nov. 1, 2021), cert. denied, 142 S. Ct. 1383 (2022); *Bressi v. Brennen*, Civil Action No. 4:17cv-01742, 2019 WL 5092529 (M.D. Pa. Aug. 5, 2019), R&R adopted, 2019 WL 4386897 (M.D. Pa. Sept. 13, 2019), aff 'd per curiam, 823 Fed. App'x 116 (3d Cir. 2020), cert. denied, 141 S. Ct. 1705 (2021); *Bressi v. Gembic*, Civil Action No. 4:17-cv-01405, 2018 WL 3596859 (M.D. Pa. July 2, 2018), R&R adopted, 2018 WL 3584694 (M.D. Pa. July 26, 2018), aff 'd per curiam, 752 Fed. App'x 113 (3d Cir. 2019),cert. denied, 140 S. Ct. 166 (2019).